# EXHIBIT B

9/23/2021 10:19 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57529761
By: Joshua Hall
Filed: 9/23/2021 10:19 AM

CAUSE. NO. _____

| | | |
|---|---|---|
| **YENI ROMERO** § | | **IN THE DISTRICT COURT OF** |
| **Plaintiff** § | | |
| § | | |
| **VS.** § | | **HARRIS COUNTY, TEXAS** |
| § | | |
| **THE HOME DEPOT, INC., and** § | | |
| **HOME DEPOT U.S.A., INC.,** § | | |
| **Defendants** § | | **\_\_\_\_ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, YENI ROMERO (hereinafter also referred to as "Plaintiff"), and files this Original Petition complaining of and against THE HOME DEPOT, INC., and HOME DEPOT U.S.A., INC. (hereinafter also referred to as "Defendants" or "Home Depot") and would respectfully show the Court the following:

## I.  DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## II.  PARTIES

Plaintiff YENI ROMERO is a resident of Harris County, Texas.

Defendant THE HOME DEPOT, INC. is a Foreign For-Profit Corporation having a headquarters in Atlanta, Georgia. Defendant THE HOME DEPOT, INC., engages in business in the State of Texas but does not have a designated agent upon whom service may be had upon causes of action arising out of such business done in this state. For those reasons, service of process is to be made pursuant to § 17.044, TEX. CIV. PRAC. & REM. CODE, by serving the Secretary of State of the State of Texas as the agent for Defendant THE HOME DEPOT, INC.

The Secretary of State is requested to forward a copy of process and this petition to an officer or agent of Defendant THE HOME DEPOT, INC., at its home office address at 2727 Paces Ferry Rd., Atlanta, Georgia 30339.

Defendant HOME DEPOT U.S.A., INC., is a foreign for-profit corporation authorized to do business and doing business in Texas and can be served with process through its registered agent, Corporation Service Company (d/b/a CSC-Lawyers Incorporating Service Company), 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.   MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly liable including in the interest of justice.

Additionally, to the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them, pursuant to the terms of TEX. R. CIV. P. 28, and Plaintiff hereby demands that upon answering this suit, they answer in their correct legal name and assumed name.

### IV.   JURISDICTION & VENUE

Pursuant to TEX. R. CIV. P. 47(b), the Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court.

Venue of this lawsuit is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

The amount of Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom for the jury to determine an amount that would fairly and reasonably compensate her. However, in order to comply with Rule 47 of the Texas Rules of Texas Rules of Civil Procedure, Plaintiff is required to plead the amount Plaintiff is seeking. Therefore, pursuant to Rule 47, Plaintiff pleads to the Court that Plaintiff seeks relief over $250,000.00 but not more than $1,000,000.00.

## V.     FACTUAL BACKGROUND

On or about September 26, 2019, during normal business hours, Plaintiff entered Defendants' business premises located at 13400 Market Street, Houston, Texas 77015. Defendants maintained control, possession, and ownership of the premises where the incident occurred.

Defendants extended an open invitation to the public, including Plaintiff, to enter the premises and purchase goods and services being sold by the Defendants. Plaintiff entered the premises for the purpose of purchasing goods and services. Accordingly, Plaintiff was a business invitee to whom Defendants owed the duty to use ordinary care in making its premises reasonably safe and/or warning Plaintiff of any dangerous conditions and/or activities existing upon said premises. On the occasion in question, Plaintiff was walking down Aisle 45 when she slipped and fell on the remains of a pumpkin that were on the floor. Plaintiff's fall discussed above proximately caused the injuries and damages more specifically described

herein.

## VI.    NEGLIGENCE OF DEFENDANTS

On the occasion in question, the Defendants, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

1. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

2. In failing to warn invitees, including the Plaintiff of the unreasonably dangerous condition of the premises in question;

3. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition in question;

4. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

5. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe;

6. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe; and

7. In failing to properly warn the public.

Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and the Plaintiff's injuries and damages pled herein.

## VII.    DAMAGES

As a proximate cause of Defendants' negligence, Plaintiff sustained the following damages:

1. Medical charges and expenses in the past;

2. Medical charges and expenses that, in reasonable medical probability, will be incurred in the future;

3. Pain and suffering in the past;

4. Pain and suffering that, in reasonable probability, will be suffered in the future;

5. Mental anguish suffered in the past;

6. Mental anguish that, in reasonable probability, will be suffered in the future;

7. Disability and impairment in the past;

8. Disability and impairment that, in reasonable probability, will occur in the future;

9. The loss and/or reduction of earnings and/or earning capacity sustained by Plaintiff from the date of the occurrence in question up to the time of trial and will suffer in the future.

10. Physical disfigurement in the past and future; and

11. Loss of enjoyment of life in the past and future.

Based on the above enumerated injuries and damages which were caused by the negligent acts and/or omissions of the Defendants, Plaintiff pleads for actual damages in an amount that the jury deems reasonable under the circumstances which exceed the minimum jurisdictional limits of the Court.

## VIII.   PRE-JUDGMENT INTEREST

Additionally, Plaintiff would show that Plaintiff is entitled to recovery of pre-judgment interest in accordance with law and equity as part of Plaintiff's damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## IX.   PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recover actual damages as specified above from the Defendants, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**Paxton Law Firm**

*/s/ Michael A. Mendoza*
Michael A. Mendoza
State Bar No. 24096309
Richard G. Paxton
State Bar No. 24000558
Litigation@paxtonlaw.com
515 Post Oak Blvd., Suite 510
Houston, Texas 77027
Tel: (281) 978-2244
Fax: (281) 978-2121

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rachel Boyett on behalf of Michael Mendoza
Bar No. 24096309
rboyett@paxtonlaw.com
Envelope ID: 57529761
Status as of 9/23/2021 10:28 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Richard Paxton | | litigation@paxtonlaw.com | 9/23/2021 10:19:07 AM | SENT |

Case 4:21-cv-03519   Document 1-2   Filed on 10/26/21 in TXSD   Page 9 of 12

9/23/2021 10:19:07 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 57529761
By: HALL, JOSHUA E
Filed: 9/23/2021 10:19:07 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____     CURRENT COURT: _____

Name(s) of Documents to be served: _____

FILE DATE 9.23.2021 Month/Day/Year
SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to: **THE HOME DEPOT, INC.**

Address of Service: **2727 Paces Ferry Rd.**

City, State & Zip: **Atlanta, Georgia 30339**

Agent (if applicable): **The Secretary of State**

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias     Newspaper_____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not by E-Issuance)
- [ ] Attachment (not by E-Issuance)
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus (not by E-Issuance)
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** (check one):
- [ ] ATTORNEY PICK-UP (phone) _____
- [x] E-Issuance by District Clerk
- [ ] MAIL to attorney   at: _____     (No Service Copy Fees Charged)
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____

- [ ] OTHER, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Michael A. Mendoza - Bar # or ID 24096309
Mailing Address: 515 Post Oak Blvd., Suite 510, Houston, Texas 77027
Phone Number: 281-978-2244   E-mail: litigation@paxtonlaw.com

9/23/2021 1:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57540463
By: Lisa Thomas
Filed: 9/23/2021 1:01 PM



September 23, 2021

**VIA E-FILE**

61st Harris District Court
201 Caroline St.
Houston, Texas 77002

RE:   Cause No. 2021-61570; Yeni Romero vs. The Home Depot, INC., et al; in the 61st District Court of Harris County, Texas.

Dear Sir or Madam,

Please accept this payment for the $12.00 fee for Issuance of Citation on the Secretary of State for Defendant The Home Depot, Inc., with regards to the above-mentioned case.

A payment was previously paid and cancelled, as requested in a Cover Letter on September 23, 2021.

Sincerely,

*/s/ Rachel Boyett*
Rachel Boyett

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rachel Boyett on behalf of Michael Mendoza
Bar No. 24096309
rboyett@paxtonlaw.com
Envelope ID: 57540463
Status as of 9/23/2021 2:33 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Richard Paxton | | litigation@paxtonlaw.com | 9/23/2021 1:01:25 PM | SENT |

Case 4:21-cv-03519   Document 1-2   Filed on 10/26/21 in TXSD   Page 12 of 12

10/6/2021 9:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57918000
By: Brenda Espinoza
Filed: 10/6/2021 9:51 AM

CAUSE NUMBER: 2021-61570

**YENI ROMERO**
**PLAINTIFF**

VS.                                              IN THE 61ST JUDICIAL DISTRICT COURT
                                                 OF HARRIS COUNTY, TEXAS

**THE HOME DEPOT, INC., AND HOME**
**DEPOT U.S.A., INC.**
**DEFENDANT**

## RETURN OF SERVICE

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Monday September 27, 2021 AT 02:37 PM -** , **TWO(2) DUPLICATE COPIES OF CITATION (SECRETARY OF STATE CORPORATE NON RESIDENT); PLAINTIFF'S ORIGINAL PETITION AND A $55.00 JURISDICTIONAL FEE** came to hand for service upon **THE HOME DEPOT, INC., MAY BE SERVED BY SERVING THE SECRETARY OF STATE**.

On **Tuesday October 05, 2021** at **10:49 AM -** The above named documents were hand delivered to: **THE HOME DEPOT, INC., MAY BE SERVED BY SERVING THE SECRETARY OF STATE @ 1019 BRAZOS ST.**, **AUSTIN**, **TX 78701**, **in Person.** By delivering to Web Jerome, designated agent.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                                   DECLARATION

"My name is **D'ANN WATHEN,** my date of birth is 12/21/1971 my business address is **1320 QUITMAN STREET, HOUSTON, TX  77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Harris County, State of Texas on Tuesday October 05, 2021**

 /s/D'ANN WATHEN                                PSC#6602 EXP. 06/30/21
Declarant                                        Appointed in accordance with State Statutes

2021.09.593763